IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03147-M

DONALD RAY WILLIAMS,  )
 )
       Plaintiff,  )
 )
v.  )    ORDER
 )
K. MASON, et al.,  )
 )
       Defendants.  )

On April 26, 2022, Donald Ray Williams ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983 together with a motion for leave to file an amended complaint. See [D.E. 1, 2, 3, 11].

On March 28, 2023, the court granted plaintiff's motion for leave to file an amended complaint, conducted its initial review, directed plaintiff to file an amended complaint not later than April 19, 2023, and warned plaintiff that failure to respond to the court's order in the allotted time may result in dismissal of the action without prejudice for failure to prosecute. See Order [D.E. 12].

On April 26, 2023, the court received plaintiff's out-of-time motion, hand-dated April 21, 2023, seeking an extension of time to file an amended complaint. Mot. [D.E. 14].

On April 27, 2023, the court found good cause shown, granted the motion for an extension of time, and allowed plaintiff until May 19, 2023, to file an amended complaint. Order [D.E. 15].

On May 15, 2023, plaintiff timely filed an amended complaint. Am. Compl. [D.E. 16].

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the amended complaint and, for the reasons discussed below, dismisses the complaint for failure to state a claim.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and the court also need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

2

Discussion:

Plaintiff's handwriting is exceptionally hard to read. He appears to name as defendants: the Honorable J. Carlton Cohe ("Cohe"), a judge with the Beaufort County Courts; Russell Davenport ("Davenport"), a "jailer" at the Beaufort County Detention Center ("Detention Centner"); and John Coward ("Coward"), a Detention Center "jailer" (collectively, "defendants"). Am. Compl. [D.E. 16] at 3–4. Plaintiff generally alleges violations of the "Eighth Amendment through the Fourteenth Amendment [sic]" at the Detention Center between March 4, 2020, and April 26, 2022. Id. at 5. Plaintiff appears to allege he was held on excessive bond and confined to his cell for 3½ months without recreation before being taken before a "Judicial Officer." See id. at 5–6. Plaintiff argues his treatment amounts to impermissible punishment and deliberate indifference. Id. at 6. Plaintiff alleges he suffered mental and emotional injuries when he was confined to a cell for 3½ months, held on excessive bond for impaired driving, and because his great aunt died but he was unable to attend the funeral. Id. at 7. For relief, plaintiff asks that his sentence be vacated, "and $100,000.00 for the 3½ months and emotional distress and violation of my constitutional rights for 3½ months and for the excessive bail [sic]." Id. at 8.

Discussion:

First, on these allegations, Judge Cohe is immune to suit. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Pierson v. Ray, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.").

Next, as to plaintiff's claims regarding his bond, the Constitution does not provide an absolute right to be released on bond. See United States v. Salerno, 481 U.S. 739, 752–55 (1987).

3

Next, although plaintiff's amended complaint names as defendants Detention Centner jailers Davenport and Coward, plaintiff again fails to connect these defendants with the alleged constitutional violations, see Iqbal, 556 U.S. at 676; West, 487 U.S. at 48; Philips, 572 F.3d at 180; Wright, 766 F.2d at 850, or give them fair notice of his claims or the factual basis upon which they rest, Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

Alternatively, even if he had connected defendants to the alleged constitutional violation, he still fails to state a claim upon which relief may be granted. Courts evaluate the confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015). As a practical matter, however, the Due Process Clause analysis is materially indistinguishable from Eighth Amendment analysis. See Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001).

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a prisoner to show that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) (defining deliberate indifference).

Even presuming, without deciding, that plaintiff alleges a "serious or significant physical or emotional injury," Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2014) (citation omitted), the amended complaint still does not plausibly allege that defendants acted with the

4

requisite culpable state of mind, see Strickler, 989 F.2d at 1379; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); see also De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (finding an inmate must plausibly allege both "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)).

To the extent plaintiff instead seeks to vacate his sentence, see Am. Compl. [D.E. 16] at 8, a petition for a writ of habeas corpus, not a civil-rights action under § 1983, is the proper avenue for such relief. See Preiser v. Rodriguez, 411 U.S. 475, 498–500 (1973) (distinguish between habeas petitions and civil-rights action); see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

Finally, because plaintiff's complaint cannot be cured by amendment, outright dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

## Conclusion:

In sum, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 22d day of May, 2023.

RICHARD E. MYERS II
Chief United States District Judge

5